(38 Misc. Rep. 93.)

### GOLDSTEIN v. NEW YORK UNIVERSITY.

(Supreme Court, Special Term, Kings County. May, 1902.)

UNIVERSITY—EXPULSION OF STUDENT—RIGHT TO HEARING.

Where a day attendant on law lectures at a university has paid his tuition, he may, though a minor, compel the university to perform its contract, where he is excluded from the lectures for having lied to the dean of the law faculty, when he was not notified of the charge, nor afforded any opportunity to be heard in his defense, or to confront the adverse witnesses, or know what they had said in his absence.

Action by Louis Goldstein against the New York University to restrain defendant from excluding plaintiff from attendance on its law lectures. Motion to continue injunction granted.

Eugene V. Brewster, for plaintiff.
Thaddeus D. Kenneson, for defendant.

MAREAN, J. It appears that on August 2, 1901, the plaintiff, a young man 18 years of age, accepted an offer, made by the defendant in a circular, to furnish tuition in its law school for one year for the sum of $100, and paid the defendant on that day on account the sum of $5, which was accepted; that credit was given for the balance, which has since been paid, from time to time, in full, the plaintiff being at no time in default. There is nothing in the charter of the defendant which differentiates the contract thus entered into between the parties from any other contract for tuition between pedagogue and pupil. Of course, the contract involves an implied undertaking on the plaintiff's part that he will observe the rules and regulations in force at the time the contract was made, and any other reasonable rules and regulations which might be subsequently adopted and promulgated; and also that he will be guilty of no conduct unbecoming a gentleman while in actual attendance. Nothing to the contrary appears, and I take it as a fact in the case that the plaintiff was not a resident of the university, but a mere day attendant upon law lectures, which constituted the tuition to be given. On April 2, 1902, the plaintiff was expelled; that is, he was notified that by order of the faculty of the law school he would not be permitted any longer to attend the lectures, and he was actually excluded therefrom. The governing council of the university had vested any powers possessed by it in respect to expulsion in the faculty of the law school; but it could, of course, create no powers in the faculty of the law school beyond those which had been conferred upon the university by its charter. Those powers certainly did not include the right to escape from the obligations of a contract. If such a right had been granted by the charter, the grant would have been void, because forbidden by the constitution. Upon the facts above recited, the plaintiff bases an action against the university for specific performance of its contract. I think he is clearly entitled, upon these facts, to such relief. It can hardly be questioned that there is no adequate remedy at law. The reasons are too obvious to require statement. A supervision of performance by the court is entirely practicable, such performance consisting of

merely permitting the plaintiff to enter and listen. It is not sought to compel the defendant to teach. The plaintiff, having performed the contract on his part in full, may, though an infant, enforce it specifically. Mutuality of remedy is not necessary in such case. The defendant does not deny the fact from which the contractual relation is a conclusion. It only controverts the conclusion. It does not even offer an affidavit that the plaintiff did, as a matter of fact, make any breach of rules and regulations, or do any act unbecoming a gentleman. It is the theory of the defendant that the faculty of the law school had the power, judicial in character, to inquire and conclusively determine, for the purposes of a rescission of the contract by it, that the defendant was guilty of such breach or of such act, and that they did so determine. I do not agree with the defendant. Where did it get such power? That power is in the courts only. It appears that a letter, signed with the plaintiff's name, was handed by the plaintiff, in the school building, to another male student, to be delivered to a young lady to whom it was addressed, a fellow student, and it was so delivered. The letter was entirely respectful. The most that can be said of it is that it was unconventional, the young lady being a stranger to the plaintiff. The letter was as follows:

"March 18, 1902.

"I beg to take the liberty and have the pleasure of writing this little note to you. Desiring to have the honor of your acquaintance, I have tried to accomplish same through several of my friends, who said they did not know you personally. Therefore, thinking it would be uncourteous to present myself without your assent, I ask if I may do so in the classroom, or otherwise submit to any suggestion you may make. Hoping I am forgiven for the intrusion I make, I remain,

"Yours, truly,                                   Louis Goldstein. Seat 35.
"Miss Lillian S. Newmark."

The receipt of this letter was reported to the dean of the law school, who interrogated the plaintiff on the subject, when the plaintiff stated that he had neither written nor signed the letter; that his name had been signed by some one else, without his knowledge; that the letter had been given to him by another student, with a request that he deliver or forward it through some other person to the young lady, which he had done, being entirely ignorant of its contents; in short, that a practical joke had been played upon him. The faculty thereupon convened, and made an investigation, and, without notifying the plaintiff that he was charged with having lied, or affording him an opportunity to be heard in his defense upon such charge, or to confront the witnesses against him, or to know what they had said in his absence, found him guilty of having lied in making the statement above mentioned, and for that reason, and no other, expelled him. It was not thought that the writing and sending of the letter, if done by the plaintiff, was any ground for expulsion, and it is not so claimed by the defendant. That question is not in the case. The defendant's proposition is that lying to the dean upon his interrogation was ground for expulsion, and that the faculty had the power, for the purpose of ending the plaintiff's rights, to determine conclusively that he had been guilty of such

lying. I said upon the argument that I was not prepared to hold that such lying was not ground for expulsion, and I have seen no reason to change my impression. The letter had been delivered upon the school premises, and, however innocent, it was a proper subject to be taken notice of by the dean if he saw fit, and a falsehood told in answer to his reasonable interrogation was, I think, a breach of the implied undertaking of the plaintiff for good conduct, which formed part of the contract between the parties. But no evidence is offered of the plaintiff's actual guilt. The defendant relies entirely upon its proof that the faculty has tried and determined his guilt. That is not enough. The plaintiff's right to relief stands unimpeached, and the injunction must be continued.

Motion granted.